IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KAYLA DARLENE MCGILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-038 |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Kayla Darlene McGill appeals the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.      BACKGROUND**

Plaintiff applied for SSI on September 5, 2014, alleging a disability onset date of December 18, 2009. Tr. ("R."), pp. 32, 215. Plaintiff was twenty-one years old at her alleged disability onset date and twenty-seven years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 32, 43, 223. Plaintiff applied for benefits

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

based on a combination of alleged impairments, including mental disorder, schizophrenia, bipolar disorder, manic depression, anxiety, and seizures. R. 247. Plaintiff has a limited seventh grade education, and prior to her alleged disability accrued no relevant work history. R. 43.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 87-122. Plaintiff then requested a hearing before an ALJ, R. 137-139, and the ALJ held a hearing on November 8, 2016. R. 53-86. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Roger McNeeley, a Vocational Expert ("VE"). Id. Following the hearing, the ALJ ordered a consultative psychological evaluation and proffered the report to Plaintiff and counsel, who did not object to the additional evidence being admitted. R. 32, 305-309. On May 10, 2017, the ALJ issued an unfavorable decision. R. 29-44. Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 5, 2014, the alleged onset date (20 C.F.R. §§ 416.971 *et seq*.).

2. The claimant has the following severe impairments: schizoaffective, bipolar, major depressive, and borderline personality disorders, anxiety, and borderline intellectual functioning. (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: She can have no more than rare contact with the general public and no more than occasional "team-type" interaction with co-workers. The claimant is limited to performing simple routine 1 to 2 step unskilled tasks. She must avoid fast-paced production rate work activities. The claimant has no past relevant work. (20 C.F.R. § 416.965.)

> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including linen room attendant, cleaner, housekeeping cleaner, routing clerk, document preparer, and final assembler (20 C.F.R. §§ 416.969, 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since September 5, 2014, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 34-44.

When the Appeals Council denied Plaintiff's request for review, R. 12-14, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). On February 5, 2018, Plaintiff, through counsel, requested the Appeals Council to reopen and revise their determination based on their alleged failure to consider materials submitted for consideration prior to their initial decision. R. 2-3. Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues the case should be remanded because (1) the Appeals Counsel failed to consider the supplemental evidence presented prior to issuing their opinion; (2) the supplemental evidence should be considered on remand pursuant to sentence six of § 405(g); (3) the hypothetical presented to the VE failed to include all of Plaintiff's limitations; and (4) the ALJ's determination of Plaintiff's RFC is not based on substantial evidence. See doc. no. 17 ("Pl.'s Br."); doc. no. 22 ("Pl.'s Reply"). The Commissioner maintains the ALJ's decision is supported by substantial evidence and there is no basis for remand pursuant to sentence six of § 405(g). See doc. no. 12 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by


substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether

correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues case should be remanded because (1) the Appeals Counsel failed to consider the supplemental evidence presented prior to issuing their opinion; (2) the supplemental evidence should be considered on remand pursuant to sentence six of § 405(g); (3) the hypothetical presented to the VE failed to include all of Plaintiff's limitations; and (4) the ALJ's determination of Plaintiff's RFC is not based on substantial evidence. As explained below, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A. The Appeals Council Did Not Err in Denying Review Without Considering the Additional Medical Records

"Generally, a claimant may present evidence at each stage of the administrative process." Brock v. Comm'r of Soc. Sec. Admin., 758 F. App'x 745, 752 (11th Cir. 2018). "'If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant.'" Id. (quoting Hargress v. Comm'r of Soc. Sec., 883 F.3d 1302, 1308-09 (11th Cir. 2018)). Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). "'Evidence is material if a reasonable possibility exists that the evidence would change the administrative result.'" Id. (quoting Hargress, 883 F.3d at 1309); see also Washington v. Comm'r of Soc. Sec. Admin., 806 F.3d 1317, 1321-22 (11th Cir. 2015). Evidence of medical treatment post-dating the ALJ's decision may be chronologically relevant. Id. at 1322-23. When the AC denies review after refusing to

consider new evidence, that decision is subject to judicial review. Id. at 1320-21. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id. However, where the claimant presents evidence after the ALJ's decision that is not new, material, and chronologically relevant, the AC does not err in denying review without considering the additional medical records. Brock, 758 F. App'x at 752.

The medical records are not material because there is no reasonable probability the evidence would change the administrative result. On June 29, 2017, Plaintiff, through counsel, filed a request for review by the AC. R. 212-14. On January 19, 2018, ten days before the AC issued its decision, Plaintiff submitted a letter in support of her request for review and a medical source statement ("MSS") by Rosemary Johnson, P.A., dated July 14, 2017. R. 18-25. Although the AC considered Plaintiff's June 29th request for review it does not appear the AC considered the January 19th letter and MSS from Ms. Johnson. R. 12-17, 212-14.

In the MSS, Ms. Johnson opined Plaintiff was markedly limited in all categories of understanding and memory, as well as sustained concentration and persistence. R. 22-23. Furthermore, Ms. Johnson opined Plaintiff was (1) moderately limited in her ability to interact appropriately with the general public; (2) markedly limited in her abilities to ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, and get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; (3) markedly limited in her ability to respond appropriately to changes in the work setting and set realistic goals or make plans independently of others; and (4) only moderately limited in her ability to be aware of normal hazards, take appropriate precautions, and travel in unfamiliar places or use public transportation. R. 23-24.

Ms. Johnson opined Plaintiff had a substantial loss of the following abilities: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments commensurate with the functions of unskilled work, i.e., simple, work-related decisions; (3) responding properly to supervision, co-workers, and usual work situations; and (4) dealing with changes in a routine work setting. R. 24. Ms. Johnson found Plaintiff's limitations either lasted twelve continuous months or can be expected to do so at the assessed severity but does not state the earliest date from which the limitations existed at the assessed severity. R. 25.

Ms. Johnson's opinions as to the severity of Plaintiff's limitations are squarely at odds with the evidence of record and medical opinions given weight by the ALJ. The state agency psychologists opined Plaintiff's limitations in activities of daily living were mild and her limitations as to social functioning, concentration, persistence, and pace were only moderately limited. R. 99-101, 117-18. Similarly, Dr. Whitley opined Plaintiff would only have moderate limitations interacting appropriately with the public, coworkers, and supervisors, as well as responding appropriately to usual work situations and changes and routine work settings. R. 877. Furthermore, while Ms. Johnson opined Plaintiff would be markedly limited in understanding and remembering even very short and simple instructions, R. 22., Dr. Whitley opined Plaintiff would have no limitations as to her ability to understand, remember, and carry out simple instructions and make judgments on simple work-related decisions, R. 876. The ALJ gave great weight to the opinions of Dr. John C. Whitley, III, and the state agency psychologists as to Plaintiff's limitations as consistent with the record. R. 35, 41.

The ALJ also gave some weight to the opinions of Drs. Valerie McAdams and Nick Carden, who both opined Plaintiff is able to understand and follow simple instructions. R. 40.

7

The ALJ noted Plaintiff's ability to follow simple instructions is consistent with her ability to perform self-care tasks, sweep, wash dishes and laundry, and prepare simple meals. Id.

Furthermore, there is no indication in the MSS as to the length, nature, and extent of the treating relationship between Ms. Johnson and Plaintiff. The MSS itself does not describe what, if any, tests or evaluations Ms. Johnson performed prior to developing her opinion or whether she ever reviewed Plaintiff's medical records. R. 22-25. Accordingly, there is no reasonable possibility the ALJ or AC would have accorded Ms. Johnson's opinions greater weight than those providers described above, whose relationship to Plaintiff is ascertainable and consistent with the record, and found Plaintiff more limited than reflected in the ALJ's decision. Thus, Plaintiff is not entitled to remand on the basis the AC did not consider the July 14th MSS by Ms. Johnson.

> B. **Plaintiff is Not Entitled to Remand Pursuant to Sentence Six Based on Ms. Johnson's MSS**

Plaintiff also argues she is entitled to remand pursuant to sentence six of § 405(g) to allow the agency to consider the MSS by Ms. Johnson. Sentence six of § 405(g) authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (quoting 42 U.S.C. § 405(g)); see also Reynolds v. Comm'r of Social Sec., 457 F. App'x 850, 853 (11th Cir. 2012) ("The sixth sentence of 42 U.S.C. § 405(g) provides that a reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable."). In order to demonstrate that remand is appropriate, a claimant must show: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is

a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 865 (11th Cir. 2012) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

For the reasons stated in § III.A, *supra*, Ms. Johnson's MSS is not material because there is no reasonable possibility it would change the administrative result. Accordingly, Plaintiff is also not entitled to remand on this basis.

### C. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

**D.     The ALJ's RFC is Consistent with Dr. Whitley's Opinion and Supported by Substantial Evidence**

**1.     Step Four Framework for Formulating Plaintiff's RFC**

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical

10

>   evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5). However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996).

As a general rule, the opinion of a one-time examiner is not entitled to great weight. Stone v. Commissioner of Soc. Sec., 544 F. App'x 839, 842 (11th Cir. 2013); Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004). The law is clear, "The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician." Stone, 544 F. App'x at 842 (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)). However, as part of the duty to develop a full and fair record, the ALJ must "make clear the weight accorded to the various testimony considered." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Commissioner of Soc. Sec., 631 F.3d 1176,

11

1179 (11th Cir. 2011).

### 2. The ALJ's Decision As to Dr. Whitley and the State Agency Psychological Consultants' Opinions Is Supported by Substantial Evidence

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ failed to articulate the reasons for discrediting the portions of the opinions of Dr. John C. Whitley, III, and the state agency consultants concerning Plaintiff's limitations on her ability to interact with co-workers, when he otherwise gave their opinions great weight. Pl.'s Br., pp. 22-26; Pl.'s Reply, pp. 5-7.

Here, the ALJ determined Plaintiff has the ability to perform the following:

> a full range of work at all exertional levels but with the following non-exertional limitations: She can have no more than rare contact with the general public and no more than occasional "team-type" interaction with co-workers. The claimant is limited to performing simple routine 1 to 2 step unskilled tasks. She must avoid fast-paced production rate work activities.

R. 37.

The ALJ thoroughly discussed Dr. Whitley's report and opinions in her decision. R. 41-42. Dr. Whitley diagnosed Petitioner with personality disorder with borderline traits, mild-to-moderate and recurrent major depression, anxiety disorder, stimulant and alcohol use disorders, in remission, and "unspecified schizophrenia spectrum and other psychotic disorder." R. 883. Dr. Whitley stated Plaintiff's "ability to interact with coworkers, public, and supervisors in a stable and appropriate manner appears to be moderately to significantly impaired by her ongoing psychological difficulties." R. 883. Furthermore, Plaintiff "would appear to decompensate further into depression and agitation in dealing with the public or even large numbers of coworkers." Id. Dr. Whitley completed a medical source statement indicating Plaintiff would have moderate limitations interacting appropriately with the public, coworkers, and supervisors

12

and responding appropriately to usual work situations and changes in routine work settings. R. 877. The ALJ gave Dr. Whitley's opinions great weight and explicitly noted Dr. Whitley's opinions Plaintiff's ability to interact socially is "significantly impaired" and she "would decompensate into depression and anxiety if she dealt with the public or large numbers of coworkers." R. 42.

The ALJ also gave great weight to the opinions of the state agency consultative psychologists, finding them to be consistent with Dr. Whitley's opinions. R. 35. The state psychologists determined Plaintiff's abilities to work in coordination with or in proximity to others without being distracted by them, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, are moderately limited. R. 100, 117-118. Furthermore, they opined Plaintiff's ability to maintain attention and concentration for extended periods is moderately limited and she can only manage that limitation with "no more than intermittent and brief interruptions due to proximity to/coordination with others." R. 99, 101, 117-118. Finally, the state psychologists determined Plaintiff's "habitual pattern of interpersonal behavior would impact [her] ability to get along with others in a work setting" and she only "retains the ability to work in a workplace environment requiring brief and superficial contact with others." R. 101, 118.

Despite Plaintiff's arguments to the contrary, the opinions of Dr. Whitley and the state psychologists regarding Plaintiff's ability to interact with coworkers are consistent with the ALJ's RFC, which states Plaintiff may occasionally engage in "team-type" interaction with coworkers. "Occasional" social interactions means they should occur "very little to one-third of the time." SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). The state psychologists limited Plaintiff's interaction to coworkers to "brief and superficial contact" and Dr. Whitley opined

Plaintiff would decompensate if required to interact with large numbers of coworkers. R. 101, 118, 883. However, the state psychologists described Plaintiff's limitations in this regard as only "moderate" and Dr. Whitley as moderate to severe. Id. The opinions of Dr. Whitley and the state psychologists do not prohibit social interaction entirely; they merely limit the extent and types of interactions Plaintiff could be expected to handle.

Furthermore, the ALJ's limitation to occasional team-type interaction with coworkers is supported by substantial evidence of record, which indicates Plaintiff's ability to interact with co-workers is less limited than her subjective complaints indicate. R. 39-40, 42. Most notably, the state agency psychologists found Plaintiff sometimes chooses to interact with others in a provocative and self-serving manner, and, although her habitual pattern of doing so would impact her ability to get along with others in the work setting, it is somewhat under her volitional control. R. 101, 118. Similarly, Dr. Carden reported Plaintiff is capable of basic social skills when she desires to interact appropriately, but her ability to get along with others is likely to be hindered by mood swings, anger, and paranoia. R. 40, 744. In short, there is substantial evidence to support the ALJ's RFC allowing Plaintiff to engage in occasional team-type interaction with coworkers.

Plaintiff also argues the RFC is not based on substantial evidence because the ALJ failed to impose any limitations on Plaintiff's ability to interact with supervisors despite Dr. Whitley not distinguishing Plaintiff's ability to interact with coworkers, supervisors, or the public in his opinion. Pl.'s Br., p. 24. Substantial evidence supports the ALJ's decision not to impose limitations in the RFC regarding Plaintiff's ability to interact with supervisors. R. 37. First, Dr. Whitley's opinion does distinguish Plaintiff's abilility to interact with supervisors from her ability to interact with coworkers. Dr. Whitley stated in his psychological evaluation Plaintiff

would decompensate further into depression and agitation in dealing with the public or even large numbers of coworkers. R. 883. However, Dr. Whitley did not indicate interaction with supervisors would result in decompensation. R. 883. Furthermore, Dr. Whitley noted Plaintiff often required redirection during the examination and did not describe Plaintiff having adverse reactions to redirection. Moreover, Dr. Whitley stated Plaintiff appeared to put forth effort throughout the interview. R. 883. Thus, there is an adequate basis in Dr. Whitley's opinion for distinguishing Plaintiff's limitations as to supervisors as opposed to coworkers and the public.

Moreover, other providers noted Plaintiff responded appropriately to redirection and instruction during evaluations. Dr. McAdams noted Plaintiff did not respond to redirection with frustration or anger, was calm during the evaluation session, and put forth effort on most items. R. 376-77. Similarly, Dr. Carden reported Plaintiff seems capable of basic social skills when she desires to interact appropriately and did not note adverse reactions to him having to frequently redirect Plaintiff during conversation. R. 742-43. These evaluations provide further support Plaintiff would be able to respond appropriately to redirection and instruction by superiors. Thus, based on the evaluations of Drs. Whitley, McAdams, and Carden, there is substantial evidence in support of the ALJ's decision not to impose limitations on Plaintiff's ability to interact with coworkers.

In sum, the ALJ's RFC is supported by substantial evidence, and remand is not warranted on this basis.

### E. The ALJ Properly Relied on the VE's Testimony

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the hypothetical based on the RFC ultimately incorporated is not consistent with Dr. Whitley's opinions as to Plaintiff's limitations. Pl.'s Br., pp. 20-22. Plaintiff states Dr. Whitley's opinion,

to which the ALJ gave great weight, indicated Plaintiff would be moderately to significantly impaired in her ability to interact with coworkers, public, and supervisor in a stable manner and would decompensate in dealing with the public or even large numbers of coworkers. Id. at 21. However, the ALJ's hypothetical to the VE, which contained limitations consistent with those ultimately adopted in the RFC, allowed for occasional "team-type" interactions with coworkers. Id. at 22. Plaintiff argues the ALJ's hypothetical to the VE is not based on substantial evidence because it is inconsistent with Dr. Whitley's opinion. Id.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).) Where the VE's testimony is based on a hypothetical question including limitations from the RFC finding and the RFC is supported by the record evidence, the VE's testimony supports the ALJ's decision. Carroll v. Soc. Sec. Admin., Comm'r, 453. F. App'x 889, 894-95 (11th Cir. 2011).

As discussed in detail above, the ALJ's RFC is not inconsistent with Dr. Whitley's opinion and is supported by substantial evidence. Furthermore, the limitations contained in the ALJ's hypothetical posed to the VE are identical to those contained in the RFC. See R. 37, 82. Based on the hypothetical, the VE testified there are jobs that exist in significant numbers in the national economy Plaintiff can perform, including linen room attendant, cleaner, housekeeping

cleaner, routing clerk, document preparer, and final assembler. R. 82-83. Because the VE's testimony was based on a hypothetical question including limitations from the RFC, which is supported by the record evidence, the VE's testimony supports the ALJ's decision. Carrol, 453 F. App'x at 894-95. Accordingly, Plaintiff's argument is not a basis for remand.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED this 22nd day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA